IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:18-CV-9-D

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NORTH CAROLINA, ) ) ) Plaintiffs, ) ) v. ) ) DR. IBRAHIM N. OUDEH; TERESA ) SLOAN-OUDEH; and IBRAHIM N. ) OUDEH, M.D., P.A., ) ) Defendants. ) | **ORDER** |

This case, brought pursuant to the court's federal question jurisdiction under 28 U.S.C. § 1331, comes before the court on the motion (D.E. 91) by plaintiffs United States of America and the State of North Carolina ("plaintiffs") to compel nonparty Blue Cross Blue Shield of North Carolina ("BCBSNC") to respond to a subpoena duces tecum (D.E. 92-1) issued by plaintiffs pursuant to Rule 45 of the Federal Rules of Civil Procedure on 17 September 2018. The subpoena seeks documents contained in the credentialing file of defendant Dr. Ibrahim N. Oudeh ("Dr. Oudeh"). BCBSNC has not filed any opposition to the motion,[1] but advised plaintiffs that it could not voluntarily produce the information without consent from Dr. Oudeh pursuant to provisions of North Carolina state law. Pls.' Mem. (D.E. 92) 2; *see* N.C. Gen. Stat. § 90-21.22A(c), (d). For the reasons set forth, the motion will be allowed.

North Carolina Gen. Stat. § 90-21.22A(c) and (d) provide for confidentiality of medical review committee proceedings:

---

[1] In a letter to plaintiffs' counsel, BCBSNC noted that in the event plaintiffs filed a motion to compel production of the information, BCBSNC could not consent to the motion, but did not wish to be heard further in response to it. 5 Nov. 2018 Ltr. (D.E. 92-2) 1.

(c) The proceedings of a medical review or quality assurance committee, the records and materials it produces, and the materials it considers shall be confidential and not considered public records within the meaning of G.S. 132-1, 131E-309, or 58-2-100; and shall not be subject to discovery or introduction into evidence in any civil action against a provider of health care services who directly provides services and is licensed under this Chapter, a PSO [*i.e.*, provider sponsored organization] licensed under Article 17 of Chapter 131E of the General Statutes, an ambulatory surgical facility licensed under Chapter 131E of the General Statutes, or a hospital licensed under Chapter 122C or Chapter 131E of the General Statutes or that is owned or operated by the State, which civil action results from matters that are the subject of evaluation and review by the committee. No person who was in attendance at a meeting of the committee shall be required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of the committee or as to any findings, recommendations, evaluations, opinions, or other actions of the committee or its members. However, information, documents, or records otherwise available are not immune from discovery or use in a civil action merely because they were presented during proceedings of the committee. Documents otherwise available as public records within the meaning of G.S. 132-1 do not lose their status as public records merely because they were presented or considered during proceedings of the committee. A member of the committee may testify in a civil action but cannot be asked about the person's testimony before the committee or any opinions formed as a result of the committee hearings.

(d) This section applies to a medical review committee, including a medical review committee appointed by one of the entities licensed under Articles 1 through 67 of Chapter 58 of the General Statutes.

These state law provisions, however, are not binding on the court. Rather, "[i]n federal question cases, the federal common law of privileges is applicable." *Price v. Howard Cty. Gen. Hosp.*, 950 F. Supp. 141, 142 (D. Md. 1996). Notably, there is no federal peer review privilege. *See Bost v. Wexford Health Sources, Inc.*, No. CV ELH-15-3278, 2017 WL 3084953, at \*4 (D. Md. 19 June 2017) ("In addition and as Plaintiff correctly points out, the Supreme Court has yet to recognize a federal medical peer review privilege and there are no circuit court cases recognizing such a privilege. Every circuit court that has addressed the issue of a federal medical peer review

privilege has flatly rejected the assertion."). The court's task is therefore to balance the need for discovery against the policies behind the state privilege. *See Price*, 950 F. Supp. at 142.

Here, plaintiffs have demonstrated that the information contained in Dr. Oudeh's credentialing file is critical to their investigation of health care fraud in this case. In addition, neither Dr. Oudeh, who is represented by counsel, nor the other defendants have filed any response to the motion and the time to do so has expired. The court therefore presumes that defendants do not oppose the relief requested. The court accordingly finds the production sought to be permissible. *See* Fed. R. Civ. P. 26(b)(1), 45(d)(2).

IT IS THEREFORE ORDERED as follows:

1. Plaintiffs' motion (D.E. 91) is ALLOWED.

2. BCBSNC shall produce to plaintiffs the following documents in response to the subpoena served by plaintiffs:

   a. documents related to statements and representations by Dr. Oudeh and his counsel or representatives as part of the peer review process;
   b. documents, reports, and handouts relied upon by Dr. Oudeh in support of credentialing with BCBSNC;
   c. documents relied on by Dr. Oudeh to support any positions he took as part of the peer review process;
   d. documents provided by anyone other than Dr. Oudeh for consideration by the peer review committee;
   e. any settlement and/or consent agreements between BCBSNC and Dr. Oudeh arising out of the peer review process; and
   f. any reporting by BCBSNC to any agencies, national registries, databases, or credentialing entities regarding any action taken with respect to Dr. Oudeh.

3. BCBSNC shall make the foregoing production no later than 31 July 2019.

3

4. In the event a party seeks confidentiality protection for any documents produced pursuant to this Order, the party may file a motion for such relief after appropriate conferral with the other parties.

SO ORDERED, this 24th day of July 2019.

_____
James E. Gates
United States Magistrate Judge