IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-9-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, and<br>THE STATE OF NORTH CAROLINA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | **ORDER** |
| IBRAHIM N. OUDEH, et al., | )<br>) | |
| Defendants. | )<br>) | |

On October 18, 2022, defendants Ibrahim N. Oudeh and Teresa Sloan-Oudeh (collectively,

"defendants") moved to set aside the judgment in this action [D.E. 198] and filed a memorandum

in support [D.E. 199]. On December 2, 2022, the United States of America and the State of North

Carolina (collectively, "plaintiffs" or "governments") responded in opposition [D.E. 201]. On

December 15, 2022, defendants moved for post-judgment discovery [D.E. 203] and filed a

memorandum in support [D.E. 204]. On December 27, 2022, the governments responded in

opposition [D.E. 205]. As explained below, the court denies defendants' motions.

I.

On April 20, 2020, the parties reached a Settlement Agreement in this action and jointly

moved to implement the terms of the Settlement Agreement. See [D.E. 123]. On April 28, 2020,

the court signed an order implementing the Settlement Agreement [D.E. 126] and stipulation

dismissing the action. See [D.E. 127]. The stipulation of dismissal incorporated a Consent

Judgment that the parties signed. See id. at 1–2. The stipulation includes a provision that states:

"[a]s part of the Settlement Agreement, Defendants agree to entry of the Consent Judgment . . . against them at a future date if the Plaintiffs reasonably determine that certain circumstances which are described in the Settlement Agreement have occurred." Id. at 1. The governments could move ex parte for the Clerk of Court to enter the Consent Judgment if:

> the Governments learn of any misrepresentation by Defendants on, or in connection with, the Financial Statements or this Settlement Agreement, and if such nondisclosure or misrepresentation changes the estimated net worth set forth in the Financial Statements by $10,000 or more (excluding valuation disputes regarding assets disclosed in the Financial Statements provided), the Governments may collect on the Consent Judgment agreed in this action. Defendants agree not to contest any collection action undertaken by the Governments pursuant to this provision, and immediately to pay the Governments all reasonable costs incurred in such an action, including attorney's fees and expenses.

[D.E. 199-2] 8.

On April 11, 2022, the governments filed ex parte a notice to enter the Consent Judgment. See [D.E. 134]. The governments based their notice on public court filings that defendants made in a separate action in Wayne County Superior Court which asserted claims for salary payments due to Ibrahim Oudeh of $10,000 a month for wages from Goshen Medical. See id. at ¶ 9. Additionally, the governments alleged that defendants failed to report fund transfers into and out of a trust account stemming from sale of real property. See id. at ¶ 11. The governments claimed that defendants failed to disclose these assets to the governments and that these material non-disclosures violated the Settlement Agreement. See id. at ¶¶ 13–17.[1] On April 15, 2022, the Clerk of Court entered the Consent Judgment. See [D.E. 137].

---

[1] In May 2022, Goshen Medical paid defendants $450,000 to settle defendants' 2017–19 employment claims. See [D.E. 201] 12 n.3. Defendants did not completely or accurately reflect these claims in the Financial Statements provided to plaintiffs. See id.

2

On October 18, 2022, defendants moved to set aside the consent judgment. See [D.E. 198]. On December 15, 2022, defendants moved for post-judgment discovery. See [D.E. 203]. The governments oppose the motions. [D.E. 201, 205].

## II.

Defendants move to set aside the Consent Judgment under Federal Rules of Civil Procedure 60(b)(3), 60(b)(4), and 60(b)(6). See [D.E. 199] 2. A party moving for relief under Rule 60(b) of the Federal Rules of Civil Procedure must first demonstrate that its motion is timely, that it has a meritorious claim or defense, that the nonmoving party will not suffer unfair prejudice from setting aside the judgment, and that exceptional circumstances justify relief. See, e.g., United States v. Welsh, 879 F.3d 530, 533 (4th Cir. 2018); Robinson v. Wix Filtrate Corp., 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Werner v. Carbo, 731 F.2d 204, 206–07 (4th Cir. 1984); Indus. Tech., & Pro. Emps. Union, OPEIU Loc. 4873 v. Access Servs., Inc., No. 5:19-CV-305, 2020 WL 2115439, at *1 (E.D.N.C. May 4, 2020) (unpublished). If the moving party meets its initial burden, then the moving party also must "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266; see Welsh, 879 F.3d at 533.

## A.

To demonstrate that its motion is timely under Rule 60(b), defendants must show that they moved for relief "within a reasonable time . . . no[t] more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c); see Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 300 (4th Cir. 2017); Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016); Werner, 731 F.2d

3

at 207 n.1. Defendants filed their motion less than six months after the court entered the Consent Judgment. Thus, defendants' motion is timely. See Wells Fargo Bank, 859 F.3d at 300.

As for a meritorious defense, defendants must make "a proffer of evidence which would . . . establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); see Cent. Operating Co. v. Util. Workers of Am., 491 F.2d 245, 252 n.8 (4th Cir. 1974); Hummel v. Hall, 868 F. Supp. 2d 543, 561 (W.D. Va. 2012). Although defendants cannot rely on bare allegations of a defense, the burden of proof is less than a preponderance and requires "mere assertion of facts constituting a meritorious defense in an original complaint[.]" Cent. Operating Co., 491 F.2d at 252 n.8; see Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969); Ebersole v. Kline-Perry, 292 F.R.D. 316, 321 (E.D. Va. 2013).

Defendants do not address Rule 60(b)'s threshold requirements and, thus, fail to proffer evidence that they have a valid defense or counterclaim to the complaint filed by the governments. Defendants broadly assert that they deny liability and cite the Settlement Agreement which provides "that there was no finding or admission of liability." [D.E. 199] 2. Such broad arguments fail to qualify as a "mere assertion of facts" needed to meet the threshold requirement. See Cent. Operating Co., 491 F.2d at 252 n.8. Accordingly, defendants have failed to meet the evidentiary requirement.

As for unfair prejudice, although the court must "give some . . . consideration" to unfair prejudice, this factor is "not controlling." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979); see Gray, 1 F.3d at 265. The governments argue that the consent judgment was designed to "protect the Governments from having to litigate liability issues if the Defendants failed to disclose assets and income in the warranted and sworn Financial Statements provided" and that "[t]he Governments expended enormous resources in pursuing this civil action, collecting part of the total

4

FCA liability, and then bringing the 2022 fraudulent transfer action against Dr. Oudeh and properties purchased with his funds." [D.E. 201] 9. The court finds that the burden and cost of additional litigation in this action would prejudice the governments.

As for extraordinary circumstances, "[i]n determining whether to [grant a Rule 60(b) motion], the courts must engage in the delicate balancing of the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts." Compton, 608 F.2d at 102 (quotation and emphasis omitted); see Welch, 879 F.3d at 536. Defendants did not argue that any extraordinary circumstances exist which merit setting aside the consent judgment in this case. Accordingly, defendants fail to satisfy the threshold requirements of Rule 60(b).

## B.

Alternatively, defendants are not entitled to relief under Rule 60(d)(3), 60(b)(3), 60(b)(4), or 60(b)(6). Rule 60(d)(3) provides that the court may set aside a judgment at any time for "fraud on the court." Fed. R. Civ. P. 60(d)(3). Such motions "permit[ ] a court to exercise its inherent equitable powers to obviate a final judgment after one year for fraud on the court." Fox ex rel. Fox v. Elk Run Coal Co., Inc., 739 F.3d 131, 135–36 (4th Cir. 2014) (quotation omitted). Fraud on the court is distinct from ordinary fraud, and the doctrine must be "construed very narrowly" to prevent litigants from circumventing the time restrictions applicable to motions under Rule 60(b)(3). See id.; Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 675 F.2d 1349, 1356 (4th Cir. 1982). Fraud on the court requires "an intentional plot to deceive the judiciary" and must "touch on the public interest in a way that fraud between individual parties generally does not." Fox, 739 F.3d at 136. Fraud "between the parties," even if it rises to

5

the level of perjury or fabricated evidence, is "not adequate to permit relief as fraud on the court" under Rule 60(d)(3). Id. at 133, 136; Great Coastal, 675 F.2d at 1357. Defendants must "prove the misconduct complained of by clear and convincing evidence[.]" McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991).

Defendants argue that "Plaintiffs have misrepresented the facts to the Court and to the Clerk" and that the governments do not have evidence that defendants failed to make financial disclosures required by the Settlement Agreement. [D.E. 199] 5. Defendants dispute the governments' claim that defendants "failed to disclose the full nature and extent of his employment benefits from his work for Goshen Medical Center" and that defendants failed to disclose their financial activity regarding the Naim Trust and Scott Trade accounts. See id. at 6. Defendants argue that because the governments did not have a proper factual basis to request the clerk enter the consent judgment, the consent judgment is void and should be vacated. See id. at 6–8.

The governments respond that they had adequate factual grounds supporting their conclusion that defendants failed to meet their financial disclosure obligations. See [D.E. 201] 12. The governments also argue that defendants have the burden of proof in this motion to establish that the governments committed fraud on the court and that the governments did not "reasonably determine" that defendants reported inaccurate financial information. See id. at 11–12.

Defendants reply that their disclosures to the government were factually correct and complete. See [D.E. 199] 5–6. Defendants' filings in Wayne County Superior Court, however, contradict this argument. See [D.E. 134] ¶¶ 6–17; [D.E. 201] 3–4. In defendants' filings in Wayne County Superior Court, defendants claim that Ibrahim Oudeh is entitled to an additional $10,000 a month salary from Goshen Medical for services provided as Medical Director. See [D.E. 134] ¶¶

6

6–17; [D.E. 201] 3–4. Defendants allegedly failed to disclose this salary to the governments, even though this "additional Medical Director salary and [the] unpaid salary were material, and change [their] estimated net worth by more than $10,000." [D.E. 201] 4. The governments cited the salary payments referenced in the Wayne County Superior Court action among the reasons for filing the Consent Judgment. Despite knowing about the governments' assertion, defendants fail to rebut or explain why they failed to report the alleged unpaid salary. Additionally, in response to defendants' naked assertion that they properly disclosed transactions related to the Scottrade and Naim Trust accounts, the governments filed a sworn declaration from the Trustee of the Naim Trust contradicting defendants' assertions. See [D.E. 201-1].

Defendants fail to overcome the evidence showing that defendants failed to make complete financial disclosures as required by the Settlement Agreement. See [D.E. 134, 137, 201, 201-1]. Defendants have failed to prove that the governments made an incorrect determination about defendants' financial disclosures, let alone that the governments engaged in "an intentional plot to deceive the judiciary." Fox, 739 F.3d at 136. Therefore, defendants have failed to meet their burden under Rule 60(d)(3) or 60(b)(3).

Under Rule 60(b)(4), a court may "relieve a party from a final order if the judgment is void." Wells Fargo Bank, N.A., 859 F.3d at 299 (quotation omitted). Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." U.S. Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). An order is "void only if the court lacked personal or subject matter jurisdiction or acted contrary to due process of law." Wells Fargo Bank, N.A., 859 F.3d at 299 (citations omitted).

7

Defendants argue that "[b]ecause the conditions precedent to the entry of the Judgment have not been met, the Consent Judgment is void." [D.E. 196] 8. This argument simply mirrors defendants' theory under Rule 60(b)(3). The argument fares no better under Rule 60(b)(4). On this record, defendants are not entitled to relief under Rule 60(b)(4).

Finally, defendants cannot pursue relief under Rule 60(b)(6) when defendants' claim falls within subsection (b)(3). See Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (explaining movant cannot rely on subsection (b)(6) if the claim falls "within the list of enumerated reasons given in Rule 60(b)(1)-(5)"). Defendants cannot use the "catch all" provision of Rule 60(b)(6) to salvage their failed claim under Rule 60(b)(3). Thus, defendants are not entitled to post-judgment relief under Rule 60(d)(3), 60(b)(3), 60(b)(4), or 60(b)(6).

### III.

Defendants move for post-judgment discovery. [D.E. 203]. Defendants argue that they are entitled to discovery in order "to show that the plaintiff, United States of America was not entitled to record the Judgment entered by the Clerk of Court on April 15, 2022." Id. at 2. Defendants seek "to propound 69 Interrogatories to the Plaintiff, United States of America, 85 Request for Admissions to the Plaintiff, United States of America, and 58 Request for Production of Documents to the Plaintiff, United States of America." Id. Defendants also seek "permission to conduct at least four depositions in this case." Id. The governments respond that defendants fail to cite any legal authority establishing a right to post-judgment discovery and that reopening discovery would conflict with this court's scheduling order in this case. See [D.E. 205] 8.

On June 15, 2018, the court set the scheduling order for this action. See [D.E. 61]. This order stated that "[a]ll discovery shall be completed by March 1, 2019." Id. at 1. The court did not

extend this deadline, and the deadline has expired.[2]

Defendants fail to cite authority suggesting that a defendant is entitled to discovery after entry of a final judgement against it. No Federal Rule of Civil Procedure entitles parties to post-judgment discovery. Although the United States is entitled to discovery during the collection phase of a Federal Debt Collection Practices Act action, defendants do not have a reciprocal right against the governments. See 28 U.S.C. § 3015(a).

A court has wide latitude over the "course and scope of discovery." Ardrey v. United Parcel Serv., 798 F.2d 679, 682 (4th Cir. 1986). The court finds that the requested additional discovery is not needed in this case. Defendants argue that the court entered the Consent Judgment under a "cloak of secrecy" and that defendants "had no opportunity to contest the action." [D.E. 204] 3. Although the notice filed by the governments entering the Consent Judgment was originally sealed, the court unsealed the notice on July 15, 2022. See [D.E. 178]. The facts supporting the governments' decision to file the Consent Judgment are public record and do not require additional discovery. Moreover, defendants waived the right to contest entry of the Consent Judgment as part of their Settlement Agreement. See [D.E. 125-1] 4–5; [D.E. 199-2] 8. The discovery that defendants propose is overbroad and inconsistent with the Settlement Agreement and the Consent Judgment.

Defendants also have failed to demonstrate good cause for the court to modify its scheduling order to allow for the requested post-judgment discovery. Rule 16 of the Federal Rules of Civil Procedure provides, in relevant part, that "the district judge . . . must issue a scheduling order" after the parties file a Rule 26(f) report or after the scheduling conference. Fed. R. Civ. P. 16(b)(1). "The

---

[2] On November 30, 2018, the court amended the scheduling order to allow defendants additional time to disclose rebuttal expert witnesses until January 14, 2019. See [D.E. 77].

9

scheduling order must limit the time to . . . complete discovery[ ] and file motions." Fed. R. Civ. P. 16(b)(3)(A). The court may modify a scheduling order "only for good cause and with" the court's consent. Fed. R. Civ. P. 16(b)(4). The good cause standard "focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Montgomery v. Anne Arundel Cnty., 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished); see Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105, 2011 WL 4527382, at *8 (E.D.N.C. Sept. 28, 2011) (unpublished). "Good cause exists when a party's reasonable diligence before the expiration of the amendment deadline would not have resulted in the discovery of the evidence supporting a proposed amendment." Sansotta ex rel. Klaus v. Town of Nags Head, No. 2:10-CV-29, 2011 WL 3438422, at *2 (E.D.N.C. Aug. 5, 2011) (unpublished); see United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007). A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded," and a movant "must demonstrate that the reasons for the tardiness of his motion justify a departure from" the scheduling order. Rassoull v. Maximus, Inc., 209 F.R.D. 372, 373–74 (D. Md. 2002) (quotation omitted).

Defendants have failed to demonstrate good cause sufficient to justify amending the court's scheduling order to allow the requested discovery. Defendants note that their current counsel "was not counsel of record in this case prior to the entry of the Consent Judgment on April 20, 2020," and that "defendants' current counsel is in need of additional discovery over and above that set out in the Federal Rules of Civil Procedure." [D.E. 204] 3. Defendants' new counsel, however, could review the discovery conducted by defendants' prior counsel.

Case 5:18-cv-00009-D   Document 207   Filed 04/25/23   Page 10 of 11

Finally, defendants cite <u>Greater Baltimore Center for Pregnancy Concerns, Inc. vs. Mayor of Baltimore</u>, 721 F.3d 264 (4th Cir. 2013), and argue that it is reversible error for a district court to deny a defendant essential discovery. <u>See</u> [D.E. 204] 3. However, in <u>Greater Baltimore Center for Pregnancy Concerns,</u> the Fourth Circuit was analyzing the issue of discovery before filing or responding to a motion for summary judgement. <u>See Greater Balt. Ctr. for Pregnancy Concerns,</u> 721 F. 3d at 289. The case does not stand for the proposition that post-judgment discovery is essential or required to vindicate a defendants' due process rights on the facts presented in this case. Because defendants have failed to show good cause to amend the court's scheduling order, the court denies defendants' motion for post-judgment discovery.

IV.

In sum, the court DENIES defendants' amended motion to set aside judgement [D.E. 198] and DENIES defendants' motion for post-judgment discovery [D.E. 203].

SO ORDERED. This 2 5 day of April, 2023.

JAMES C. DEVER III
United States District Judge